UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER (#278001)

VERSUS                                          CIVIL ACTION

DR. JONATHAN ROUNDTREE, ET AL          NUMBER 14-527-JJB-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 8, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER (#278001)

VERSUS                                                  CIVIL ACTION

DR. JONATHAN ROUNDTREE, ET AL            NUMBER 14-527-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff filed a Motion for Preliminary Injunction. ....F.R.Civ.P 65(a). Record document number 3.

For the reasons which follow, the motion should be denied.

**I. Factual Background**

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Jonathan Roundtree and Dr. Preety Singh. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Specifically, the plaintiff alleged that in 2012, while he was confined at Dixon Correctional Institute, he was diagnosed with an inguinal hernia. Plaintiff alleged that on November 5, 2012, he was transferred to HCC. Plaintiff alleged that he made numerous complaints of pain associated with the hernia. Plaintiff alleged that he was examined by medical personnel who prescribed him pain medication and a medical duty status.

Plaintiff alleged that on September 17, 2013, Dr. Singh acknowledged that the plaintiff required surgery to repair the hernia but refused to schedule him for surgery. Plaintiff alleged that on that same date Dr. Roundtree reviewed his medical records but failed to take any action to ensure that the plaintiff was given priority on a surgery roster. Plaintiff alleged that he experienced swelling of the scrotum and a staphylococcus aureus infection which caused pain and discomfort.

Plaintiff alleged that he was examined by Dr. Mooney, a hernia specialist at University of New Orleans Hospital, who recommended that the plaintiff undergo surgery. Plaintiff alleged that on December 11, 2013, Dr. Roundtree told him that he had been approved to undergo surgery on his hernia and that he would receive a pre-surgery medical examination and lab work.

Plaintiff alleged that on January 10, 2014, Dr. Roundtree informed him that the surgery was cancelled but offered no explanation for the cancellation. Plaintiff alleged that on June 23, 2014, he was examined by Dr. Mooney who advised that she would perform surgery on the plaintiff's hernia. Plaintiff alleged that Dr. Mooney ordered a colonoscopy. Plaintiff has apparently not yet undergone surgery to repair the hernia.

## II. Preliminary Injunction

Plaintiff filed a motion for preliminary injunction seeking an order requiring prison officials to immediately send him to a

medical facility to undergo surgery on his inguinal hernia.

### III. Applicable Law and Analysis

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act, preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to not be irreparable and it can be compensated for monetarily should the plaintiff prevail in this action. Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Preliminary Injunction be denied.

Baton Rouge, Louisiana, September 8, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE