UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TONY CORMIER (#278001)

VERSUS                                          CIVIL ACTION

DR. JONATHAN ROUNDTREE, ET AL                   NUMBER 14-527-JJB-SCR

## **NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 3, 2015.

                       STEPHEN C. RIEDLINGER
                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER (#278001)

VERSUS                                                CIVIL ACTION

DR. JONATHAN ROUNDTREE, ET AL          NUMBER 14-527-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion for Summary Judgment by defendants Dr. Jonathon Roundtree and Dr. Preety Singh, record document number 20; and the Motion for Summary Judgment by Dr. Raman Singh, record document number 35. Plaintiff opposed the defendants' motions.[1]

Defendants moved for summary judgment relying on a Statement of Undisputed Facts[2] and the results of Administrative Remedy Procedure (hereafter, "ARP") EHCC-2014-509.[3]

Plaintiff opposed the motions, relying on statements of disputed facts,[4] ARP EHCC-2014-509,[5] and some of his medical records.[6]

---

[1] Record document numbers 30 and 40, respectively. Defendants filed a reply. Record document number 34.

[2] Record document number 20-2.

[3] Record document number 21.

[4] Record document numbers 30-2 and 40-2.

[5] Record document number 30-3.

[6] Record document number 40-3, Exhibits 1 and 2.

For the reasons which follow, the defendants' motions should be granted.

**I. Plaintiff's Factual Allegations**

Pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Jonathan Roundtree and Dr. Preety Singh. Plaintiff amended his complaint to add Dr. Raman Singh as a defendant. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

Specifically, the plaintiff alleged that in 2012, while he was confined at Dixon Correctional Institute, he was diagnosed with an inguinal hernia. Plaintiff alleged that on November 5, 2012, he was transferred to EHCC, where he made numerous complaints of pain associated with the hernia. Plaintiff alleged that he was examined by medical personnel who prescribed him pain medication and a medical duty status.

Plaintiff alleged that on September 17, 2013, Dr. Singh acknowledged that the plaintiff required surgery to repair the hernia but refused to schedule him for surgery. Plaintiff alleged that on that same date Dr. Roundtree reviewed his medical records but failed to take any action to ensure that the plaintiff was given priority on a surgery roster. Plaintiff alleged that he experienced swelling of the scrotum and a staphylococcus aureus

infection which caused pain and discomfort.

Plaintiff alleged that he was examined by Dr. Mooney, a hernia specialist at University of New Orleans Hospital, who recommended that the plaintiff undergo surgery. Plaintiff alleged that on December 11, 2013, Dr. Roundtree told him that he had been approved to undergo surgery on his hernia and that he would receive a pre-surgery medical examination and lab work.

Plaintiff alleged that on January 10, 2014, Dr. Roundtree informed him that the surgery was cancelled but gave no explanation for the cancellation. Plaintiff alleged that on June 23, 2014, he was again examined by Dr. Mooney who advised that she would perform surgery on the plaintiff's hernia. On September 3, 2014, the plaintiff underwent surgery to repair the right inguinal hernia.[7]

## II. Applicable Law and Analysis

### A. Standard of Review

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Summary judgment is appropriate when there is no genuine issue

---

[7] Record document number 21, pp. 6-11.

as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

**B. Failure to Exhaust Administrative Remedies**

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding the claims raised in the complaint against each of them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002);

4

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff acknowledged in his complaint that he filed ARP EHCC-2014-509 regarding the claims raised in the complaint.[8] Plaintiff conceded that the ARP was denied at the First Step and

---

[8] Record document number 1, p. 3, § II. C. 1.

5

was pending at the Second Step when he filed his complaint.[9]

The summary judgment evidence showed that on June 3, 2014, the plaintiff filed an ARP complaining that he was not scheduled for surgery to repair an inguinal hernia.[10] A review of ARP-EHCC-2014-509 showed that it was received in the Warden's Office on June 5, 2014[11], and was accepted at the First Step on June 10, 2014.[12] The ARP was denied at the First Step on July 11, 2014.[13] On July 19, 2014, the plaintiff indicated that he was not satisfied with the First Step Response and wished to proceed to the Second Step.[14] On August 13, 2014, the plaintiff was advised that he failed to supply the correct documentation and that he needed to resubmit an offender's relief request form, a copy of response form, and manila envelope.[15] Plaintiff responded that he complied with the instructions on August 18, 2014.[16] Plaintiff's request for review at the Second Step with the correct documents was received on August 25, 2014 and the plaintiff's administrative grievance was

---

[9] *Id*. at ¶ II. C. 3.

[10] Record document number 21, pp. 14-15.

[11] *Id*. at 3.

[12] *Id*. at 13.

[13] *Id*. at 19.

[14] *Id*. at 19-20.

[15] *Id*. at 24.

[16] *Id*.

6

denied on October 27, 2014.[17]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. The warden shall respond to the inmate within 40 days from the date the request is received at the first step. *Id*. An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision. *Id*. at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Plaintiff signed his complaint on August 16, 2014,[18] and

---

[17] *Id*. at 12.

[18] Record document number 1, p. 19.

attached a cover letter dated August 18, 2014.[19] The summary judgment evidence showed that 30 days after the plaintiff proceeded to the Second Step on July 19, 2014, he filed his complaint. As previously noted, the Secretary for the Louisiana Department of Public Safety and Corrections had 45 days to respond at the Second Step. Even without taking into consideration the delays which resulted from the plaintiff's failure to submit the correct documents when he sought review at the Second Step, it is clear that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' motions for summary judgment be granted and the claims against them be dismissed for failure to state a claim, predicated on the plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to

---

[19] Record document number 1-1, p. 1.

refiling the complaint in forma pauperis.[20]

Baton Rouge, Louisiana, June 3, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[20] *Underwood v. Wilson*, 151 F.3d at 296.